**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALICIA DIANE CARROLL,

       Plaintiff,

vs.                                                                    Case No. 3:16-cv-1215-J-32JRK

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

       Defendant.

_____

## **ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

This case is before the Court on plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 20).

Based upon the application and supporting itemization (Doc. 20) and the Court's independent review, the Court makes the following legal and factual findings:

(1) Attorney's fees are authorized in this action because plaintiff, having obtained a sentence four remand/reversal of denial of benefits, is a "prevailing party," Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); the Commissioner's position here was not substantially justified; the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed and there are no special circumstances which would make the award unjust. See 28 U.S.C. §2412(d); Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

(2) The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that

attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).

(3) The Court accepts plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate and the Court will award fees based on plaintiff's proposed hourly rate of $192.00 for time spent during 2016 and 2017.

(4) Plaintiff seeks an award based on 28.7 hours of attorney time.  Upon review of plaintiff's counsel's time records, the Court finds the time spent is reasonable.

(5) The Court finds that $5,510.40 ($192.68 x 27.3 hours) is a reasonable fee in this case.

(6) While plaintiff's motion does not mention costs, the time sheet attached to the motion seeks recovery of costs in the amount of $150.00 for counsel's <u>pro hac vice</u> admission.  <u>See</u> Doc. 20 at Ex. 1.  (Plaintiff proceeded <u>in forma pauperis</u> so did not incur costs for filing suit or serving process.)  The Court does not find <u>pro hac vice</u> fees to be an appropriate cost to pass on to the government.  There are a number of experienced federal Social Security practitioners who are already admitted to the bar of this Court (such as, for example, plaintiff's local counsel) so requiring the government to pay for non-admitted counsel is not warranted.[1]  Additionally, since plaintiff was proceeding <u>in forma pauperis</u>, she might have sought a waiver of the <u>pro hac vice</u> fee.  <u>But see</u> <u>Burton v. Colvin</u>, 2015 WL

---

[1] Nor is it clear that the government agreed to this cost.  The motion represents that government counsel advised plaintiff that the government did not oppose the number of requested hours or hourly rate.  There is no mention of costs.  <u>See</u> Doc. 20 at ¶ 7.

2

350386, *1 (N.D. Ohio Jan. 26, 2015) (holding pro hac vice fee is a personal expense an attorney should bear himself).

(7) This award is subject to any offset under the Treasury Offset Program.[2]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 23) is **GRANTED** to the extent that the Clerk shall enter judgment in favor of plaintiff and against defendant in the amount of **$5,510.40 in attorney's fees**.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of August, 2017.

                                                                                    TIMOTHY J. CORRIGAN
                                                                                    United States District Judge

s.

Copies to:

counsel of record

---

[2]Plaintiff's proposed order includes instructions that, in the absence of any offset, fees may be paid directly to counsel. However, the file does not include any assignment from plaintiff authorizing the payment of fees directly to counsel. See Astrue v. Ratliff, 560 U.S. 586, 589-98 (2010) (explaining that EAJA fees are payable to plaintiff). Thus, the Court declines to adopt that language from the proposed order.